UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE ANTROBUS et al,<br><br>                    Plaintiffs,<br><br>-against-<br><br>UNIFIED COURT SYSTEM; DEPARTMENT OF CORRECTIONS; RIKERS ISLAND,<br><br>                    Defendants. | 21-CV-0380 (CM)<br><br>ORDER DIRECTING SIGNATURE DECLARATION AND PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Andre Antrobus is currently detained at the Otis Bantum Correctional Center (OBCC) and proceeds *pro se*. It is unclear if Antrobus seeks to represent other OBCC detainees, which he cannot do, or if other detainees intended to sign the complaint and proceed *pro se* as plaintiffs in this action.

**A.      Signature on Complaint**

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff Andre Antrobus has signed the complaint. Any other detainee already listed on the docket who intended to sign the complaint and proceed as a plaintiff in this action is directed to complete the declaration for signature and return it to the Court within thirty days of the date of this order. A copy of the declaration form is attached to this order.

B.     **Payment of Filing Fees**

To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees upfront– a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepaying fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

The complaint was submitted without the filing fees or a completed IFP application and prisoner authorization from each Plaintiff. Within thirty days of the date of this order, Plaintiff(s) must either prepay the $402.00 in fees or each submit the attached IFP application and prisoner authorization forms. If a Plaintiff submits the Signature Declaration, IFP application, and prisoner authorization, they should be labeled with docket number 21-CV-0380 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff(s) and note service on the docket. No summons shall issue at this time. If any detainee listed in the caption chooses

---

[1] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] If a prisoner files an action that is dismissed as frivolous, malicious, or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot bring new actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

not to comply with this order within the time allowed, the action will be dismissed without prejudice as to such individual.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  January 15, 2021
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge