UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE ANTROBUS,

                              Plaintiff,

                -against-

UNIFIED COURT SYSTEM; DEPARTMENT
OF CORRECTIONS; RIKERS ISLAND, et al.,

                              Defendants.

21-CV-0380 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff Andre Antrobus, currently detained at the Otis Bantum Correctional Center on

pending criminal charges, is appearing *pro se*.[1] Plaintiff seeks to proceed *in forma pauperis*

(IFP), that is, without prepaying the filing fee. But because Plaintiff has brought at least three

prior actions that were dismissed for failure to state a claim on which relief can be granted, he is

barred under 28 U.S.C. § 1915(g) from bringing a new action IFP while a prisoner. *See Antrobus*

*v. Wright*, No. 13-CV-3804 (LAP) (S.D.N.Y. Oct. 22, 2013).

    For the reasons discussed below, the Court directs Plaintiff to show cause why it should

not deny his IFP application under § 1915(g) and dismiss this action without prejudice.

## DISCUSSION

The Prison Litigation Reform Act's "three strikes" bar provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds that it is

---

[1] Plaintiff attached to his complaint a list of signatures of other detainees. It was unclear if
those individuals intended to proceed as additional plaintiffs in this action, and none of them had
submitted an *in forma pauperis* application or prisoner authorization form. The Court granted
them an opportunity to submit the forms and sign the complaint, but none of them did so, and on
February 16, 2021, the Court therefore dismissed their claims without prejudice.

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Thus, a prisoner who is barred under § 1915(g), can proceed without prepaying the filing fee if he is under imminent danger of serious physical injury at the time that he filed his complaint. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is insufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). A plaintiff must also show that there is "a nexus between the imminent danger . . . and the legal claims asserted in his complaint." *Id.* at 297. In other words, "the prisoner's complaint [must] seek to redress an imminent danger of serious physical injury and . . . this danger must be fairly traceable to a violation of law alleged in the complaint." *Id.*; *see also Chavis v. Chappius*, 618 F.3d 162, 171-72 (2d Cir. 2010) (holding that a plaintiff proceeding IFP under the imminent danger exception can assert additional claims that do not have a nexus to the danger).

Plaintiff filed the present complaint while a prisoner. Because he has three "strikes" under § 1915(g),[2] Plaintiff cannot proceed IFP unless he shows that he was under imminent danger of serious physical injury at the time of filing the complaint, and that at least some of his claims have a nexus to such danger.

---

[2] The order finding Plaintiff barred under § 1915(g) relied on three earlier cases: *Antrobus v. Dep't of Corrs. of Rikers Island*, No. 12-2372-pr (2d Cir. Nov. 13, 2012) (appeal, filed while a prisoner, dismissed as frivolous); *Antrobus v. Rameau*, No. 11-CV-5273 (LAP) (S.D.N.Y. Sept. 14, 2011) (complaint under 42 U.S.C. § 1983 against criminal defense counsel, filed while detained at GRVC on pending criminal charges, dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Antrobus v. Project Moving On*, No. 11-CV-1621 (LAP) (S.D.N.Y. Apr. 21, 2011) (entire action, filed while detained at AMKC, dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted).

Plaintiff's complaint includes a number of incoherent allegations regarding the Vietnam War, the Pentagon Papers, the Alamo, and endangered species. But he also makes allegations regarding the New York City Department of Correction's handling of the COVID-19 health crisis and seeks, among other things, "an injunction for health care." (ECF 1 at 6.)

It is unclear from the vague allegations in the complaint if Plaintiff intends to allege that he is in imminent danger of serious physical harm and seek relief in connection with that danger. A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands).

The Court therefore grants Plaintiff leave to submit a declaration showing that he is in imminent danger of serious physical injury and seeks relief in connection with that danger. If Plaintiff fails to respond to this order, or if his declaration does not show that the imminent danger exception applies, the Court will deny Plaintiff's IFP application and dismiss this action without prejudice.[3]

## CONCLUSION

The Court directs this Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court directs Plaintiff to file a declaration, within thirty days, showing cause why he should be allowed to proceed IFP in this action under the imminent danger exception to the § 1915(g) bar. For Plaintiff's convenience, a declaration form is attached to this

---

[3] Section 195(g) does not bar Plaintiff from bringing an action with prepayment of the $402.00 in filing fees.

order. If Plaintiff fails to respond to this order, or if his declaration does not show that the imminent danger exception applies to this action, the Court will deny Plaintiff's IFP application and dismiss this action without prejudice.

SO ORDERED.

Dated:   February 18, 2021
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____                    _____
Executed on (date)                        Signature

_____            _____
Name                                      Prison Identification # (if incarcerated)

_____   _____
Address                          City                State        Zip Code

_____            _____
Telephone Number (if available)           E-mail Address (if available)