UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE ANTROBUS,<br><br>                    Plaintiff,<br><br>        -against-<br><br>UNIFIED COURT SYSTEM; DEPARTMENT OF CORRECTIONS; RIKERS ISLAND, ET AL.,<br><br>                    Defendants. | 21-CV-0380 (LLS)<br><br>ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g) |

LOUIS L. STANTON, United States District Judge:

   Plaintiff, currently detained on Rikers Island, brings this action *pro se*. Plaintiff requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Antrobus v. Wright*, No. 13-CV-3804 (LAP) (S.D.N.Y. Oct. 22, 2013). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

   Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that Plaintiff is in imminent danger of serious physical injury. In his complaint, Plaintiff sought, among other things, "an injunction for health care." (ECF 1 at 6.) Because it was unclear from the vague allegations in the complaint if Plaintiff intended to allege that he is in imminent danger of serious physical harm and to seek relief in connection with that danger, by order dated February 18, 2021, the Court granted Plaintiff an opportunity to allege facts showing that he was

in imminent danger.[1] Plaintiff failed to respond to the Court's order. Because Plaintiff is barred under § 1915(g) and fails to show that he is in imminent danger, he cannot proceed IFP in this action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while a prisoner, unless he is under imminent threat of serious physical injury.[3] *Id.*

SO ORDERED.

Dated:   March 24, 2021
         New York, New York

                                                    _____Louis L. Stanton_____
                                                    Louis L. Stanton
                                                    U.S.D.J.

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).